## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

NICHOEL HILL, *et al.*                          *

                                             *

v.                                              *          Civil Action No.   CCB-20-3746

                                             *

\ JASON HUNT, *et al.*

                                             *

\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM

Pending before the court is a motion for reconsideration filed by Plaintiffs Nichoel and

William Hill in this case regarding the arrest of Ms. Hill on assault and child abuse charges that

were later dropped. (ECF 61, Mot. for Reconsideration). The Hills move the court to reconsider,

amend or alter, and provide relief from its March 9, 2022, judgment dismissing their case for

failure to state a claim under Fed. R. Civ. P. 12(b)(6). (ECF 59, Mem.; ECF 60, Order). For the

reasons explained below, the motion will be denied.

### BACKGROUND

The facts of this case are more fully set out in the court's March 9, 2022 Memorandum,

(*see* ECF 59), and the court will recite the minimum facts necessary to resolve the pending motions.

In 2018, Ms. Hill, a resident of Middle River, Maryland, was employed by Parkville

Nazarene Christian Daycare, Inc. ("Parkville Nazarene") as a licensed childcare provider. Over

the course of February 2018, a series of three injuries and accidents occurred involving Alexander,

a toddler enrolled at Parkville Nazarene and son of defendant Brianna Carullo. Ms. Hill was

present for some, but not all, of these incidents.

1

On or about March 2, 2018, Ms. Carullo filed a complaint with the Baltimore County Department of Social Services ("DSS") alleging that Parkville Nazarene was providing inadequate supervision of the children under its care. On March 2nd, Ms. Carullo met with Ms. Randall, a DSS social worker, to discuss the incidents detailed in the complaint. The Hills allege that Ms. Carullo additionally falsely told Ms. Randall that Ms. Hill had been fired from Parkville Nazarene as a result of one of the February incidents involving Alexander.

On March 13, 2018, following a report completed by DSS employees, Detective Hunt of the Baltimore County Police Department ("BCPD") conducted a follow-up interview with Ms. Carullo to learn more about her son's injuries. (*See* ECF 32-3, Statement of Charges, at 3). Ms. Carullo told Detective Hunt about the relevant incidents and stated that she believed Ms. Hill had been terminated because of them. (*Id.*). Detective Hunt subsequently attempted to contact Ms. Hill through her attorney, Charles Lamasa, on March 20, 2018. (*Id.* at 4). Mr. Lamasa told Detective Hunt that he would not permit Ms. Hill to provide a statement regarding the incidents. (*Id.* at 4).

On April 24, 2018, Detective Hunt filed an application for Statement of Charges against Ms. Hill. That day, Ms. Hill was charged with one count of Second Degree Assault of a minor child and one count of Second Degree Child Abuse, and a warrant was issued for Ms. Hill's arrest. (ECF 32-5, Arrest Warrant).

On the morning of April 27, 2018, Detective Hunt and other Baltimore County police officers arrested Ms. Hill at her home, in front of Mr. Hill and her minor child Doe. On June 1, 2018, a *nolle prosequi* was entered for both pending charges against Ms. Hill.

On November 17, 2020, Plaintiffs Nichoel and William Hill filed suit in the Circuit Court for Baltimore County against Brianna Carullo; Parkville Nazarene; the State of Maryland; Baltimore County, Maryland; the Baltimore County Police Department; BCPD Detective Jason

Hunt; and DSS employees Chastity Randall and Kathryn Cawthon. (ECF 1-5, State Compl.). The State of Maryland, Ms. Randall, and Ms. Cawthon (the "State defendants") removed the complaint to federal court on December 25, 2020, on the bases of federal question and supplemental jurisdiction. (ECF 1, Not. Of Removal, ¶¶ 4-5). The remaining defendants consented to removal on January 22, 2021. (ECF 15, Consent to Removal).[1] The Hills later amended their complaint. (ECF 28, First Am. Compl.).

On March 9, 2022, the court granted three motions to dismiss filed by Baltimore County, BCPD, and Detective Hunt (the "County defendants"); Parkville Nazarene; and the State defendants. (ECFs 32, 38, and 40, respectively; ECF 59; ECF 60). On March 24, 2022, the Hills filed a motion for reconsideration of this decision. (ECF 61), to which the defendants responded (ECFs 65-67) and the Hills replied (ECFs 69-71).

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits litigants to file to "alter or amend" a court's judgments within twenty-eight days of its entry. Fed. R. Civ. P. 59(e). "Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citing *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006) (internal quotations omitted). The Hills appear to rely on the third prong.

## DISCUSSION

### I.   Probable Cause

---

[1] With the exception of defendant Brianna Carullo, who was not served by the plaintiffs.

The Hills contend that the Court made a clear error of fact and misapplied Maryland criminal law in its finding that probable cause existed to arrest Ms. Hill. They argue that, within the four corners of the amended complaint and in the light most favorable to the plaintiff, the Hills pled factual allegations that support the conclusion that no probable cause existed for Detective Hunt to arrest Ms. Hill for assault and child abuse. The Hills additionally argue that the court improperly considered the statement of charges as a document outside the complaint as part of its decision on the defendants' motions to dismiss.

The court is not constrained, at the 12(b)(6) stage of litigation, to consider only the facts alleged in the complaint and those documents attached to the complaint or incorporated by reference, but may also "consider a document submitted by the movant that [is] not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Services Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citations omitted). For a document to be considered integral, it must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted).

In this case, the Hills explicitly reference the statement of charges (ECF 28 ¶ 108) as giving rise to their claims. Second, were it not for the statement of charges and subsequent arrest of Ms. Hill, the plaintiffs would lack any grounds upon which to bring their suit. Therefore, the court was permitted to reference and rely, to an appropriate extent, on the statement of charges and its contents, as its existence gives rise to the various rights asserted in the Hills' complaint.

Next, the Hills argue that the court should not accept the truth of the contents of the statement of charges, because of a litany of alleged material false statements and material

4

omissions in Detective Hunt's affidavit. (*See* ECF 61 at 13-19). Nowhere in the court's analysis of the existence of probable cause, however, did the court accept the statement of charges as true. (ECF 59 at 7-9). Rather, the court "examin[ed] the information available to Detective Hunt at the time of his application for charges on April 24, 2018," concluding that he possessed sufficient reason to believe Ms. Hill committed assault and child abuse given the information pled in the complaint. (*Id.* at 7). Specifically, Detective Hunt had in his possession the DSS incident report which noted that the marks on Alexander's ear were consistent with pinching, references to photographs Ms. Carullo provided of the injured ear, and Ms. Carullo's witness statement placing Ms. Hill with Alexander at the time of the first two incidents.

The mere fact that the complaint contains other contradictory assertions that Ms. Hill was not responsible for Alexander's injuries does not undercut the conclusion that Detective Hunt applied for and possessed a valid warrant and had probable cause to arrest Ms. Hill at the time he did so. The statement of charges, and not the Hills' version of events, determined whether or not a disinterested magistrate properly issued a warrant for Ms. Hill's arrest. And given the information supporting the statement of charges as contained in the complaint, nothing else in the Hills' suit raises a plausible claim that the warrant was improperly issued.

The Hills' attempt to "challenge the veracity" of the statement of charges because it relied on material omissions and material false statements is also unavailing. Pleading in the complaint that the physical marks on Alexander came from non-abusive accidents, and that Jasmine Hamilton, another Parkville Nazarene employee, stated that Ms. Hill was not present for one of these injuries, does not invalidate the finding of probable cause. As explained by the court in its March 9, 2022, memorandum, Detective Hunt's application for a statement of charges relied on

Ms. Randall's DSS report findings,[2] which the Hills admitted relied on physical evidence of injury to Alexander's ear, *along with* his own expertise analyzing Ms. Carullo's credibility as a witness and photographic evidence. (*See* ECF 59 at 8, 16 n.12). Accordingly, the court finds that, from the perspective of an objectively reasonable officer, these "historical facts" amounted to probable cause to arrest Ms. Hill for child abuse and assault.[3] *See District of Columbia v. Wesby*, 138 S. Ct. 577, 586-87 (2018).

## II.   Additional Arguments that Other Claims Were Properly Pled

The Hills spend much of the remainder of their motion contending that their various constitutional and state tort claims were, in fact, properly pled. (*See* ECF 61 at 6-10, 25-31). Because their motion fails to present any meritorious rationale for reconsideration, the court need not address such "mere disagreement" with its prior ruling. *Lynn*, 953 F. Supp. 2d at 620.

## III.   Leave to Amend

Finally, the Hills request leave to amend their complaint. (*See* ECF 61 at 31-32). Federal Rule of Civil Procedure Rule 15 provides that "a party may amend its pleading. . . with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). While "[t]he court should freely give leave when justice so requires," *id.*, leave to amend should be denied only if it "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.

---

[2] As the court explained, there is nothing "reckless" in a police detective's choice to rely on an accredited State professional's report regarding potential child abuse and neglect based on interviews with the affected individuals. (*See* ECF 59 at 8).

[3] The Hills also seize upon the court's statement in its memorandum opinion that Detective Hunt possessed probable cause to arrest Ms. Hill for child neglect. (ECF 59 at 7), The court reiterates that Detective Hunt did not arrest Ms. Hill for the crime of "child neglect," but the facts available to him at the time of his application for a statement of charges could have warranted the charge in addition to those for which he applied.

1986)). A proposed amendment is futile when it "could not withstand a motion to dismiss." *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

The various amendments proposed in the motion fail to cure any of the deficiencies identified by the court in its March 9, 2022, memorandum dismissing the case. Thus, leave to amend will not be granted. Additionally, as this court has already determined that, as a matter of law, the plaintiffs fail to adequately plead their state tort claims *and* these claims have already been dismissed, remand of this case to the Circuit Court for Baltimore County is not appropriate.[4]

## CONCLUSION

For the reasons stated above, the court will deny the plaintiffs' motion for reconsideration, to amend the judgment, to alter the judgment, and for relief from the judgment. A separate Order follows.

$\frac{6/9/22}{\text{Date}}$

Catherine C. Blake
United States District Judge

---

[4] The Hills also demand that the court reinstate their claims against Ms. Carullo, despite paradoxically arguing that the court has "no supplemental jurisdiction" over her. As the Hills never served Ms. Carullo, the court declines to alter its March 9, 2022, decision to dismiss all claims against her without prejudice. (*See* ECF 59 at 2 n.3; ECF 60 ¶ 3).